**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

RAYMOND JOHNSON,

Plaintiff,

v.

WARDEN R. TIMOTHY O'DELL and CORRECTIONS CORPORATION OF AMERICA, INC., sued as Prairie Correctional Facility,

Defendants.

Civil No. 01-1827 (JRT/SRN)

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Raymond Johnson, #5409, Prairie Correctional Facility, Box 500, Appleton, Minnesota 56208-0500, *pro se.*

Robert M. Lewis and Rebecca A. Chaffee, BEST & FLANAGAN, 225 Sixth Street South, Suite 4000, Minneapolis, MN 55402, for defendants.

This matter is before the Court on plaintiff Raymond Johnson's objections to the Report and Recommendation of United States Magistrate Judge Susan Richard Nelson dated July 30, 2002. Plaintiff objects to the Magistrate Judge's recommendation that the defendants' motion for summary judgment be granted. The Court has reviewed *de novo* plaintiff's objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court

SEP 24 2002
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. SEP 24 2002
DEPUTY CLERK

Private prisons must obtain specific authorization from their respective public agency clients (in this case, the Wisconsin Department of Corrections) before taking the room and board deductions from inmates' wages. 64 Fed. Reg. 17,006 (April 7, 1999). The Federal Register notes that this requirement "insures notice of this possible revenue source" by the appropriate public agency. *Id.* Further, the PIECP mandates that inmates "have participated in such employment voluntarily and have agreed in advance to the specific deductions made from gross wages pursuant to this section, and all other financial arrangements as a result of participation in such employment." 18 U.S.C. § 1761(c)(4).

Plaintiff, an inmate at the Prairie Corrections Facility, agreed to work in the PIECP program, and agreed to have up to 80% of his wages deducted. Plaintiff then began work at Jacobs Trading Company. From May to September 1, 2000, CCA deducted money from plaintiff's gross wages for room and board. On September 1, 2000, Jon E. Litscher, Secretary for the Wisconsin Department of Corrections, sent a letter to the Assistant Warden of the Prairie Correctional Facility. The letter granted permission to allow inmates to participate in the PIECP program, and granted permission to make deductions from inmate wages for room and board. The September 1 letter explicitly noted that the approvals were retroactive to December 22, 1999.

## ANALYSIS

### I. Motion to Dismiss or for Summary Judgment[1]

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is required when, after adequate time for discovery and upon motion, the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case, on which that party would bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating a motion for summary judgment, a court must give the nonmoving party the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980).

### II. Magistrate Judge's Report and Recommendation

The Magistrate Judge recommends that defendants' motion for summary judgment be granted. The Magistrate Judge reasons that plaintiff cannot maintain a claim for a violation of due process because plaintiff has no constitutional, or state created, right to prison wages. The Magistrate Judge further recommends that that there is no ex post

[1] Defendants' motion will be treated as a motion for summary judgment because this Court, and the Magistrate Judge, considered defendants' attachment.

facto violation because the letter from the Wisconsin Department of Corrections granting permission to make withdrawals from plaintiff's wages for room and board did not constitute a "law" or "regulation." Instead, the relevant laws and regulations were in effect prior to plaintiff's lawsuit.

Although this Court agrees with the proposition that plaintiff does not have a due process right to prison wages, the Court dismisses plaintiff's claim before reaching the due process argument. Specifically, as discussed below, because plaintiff has no private right of action for this claim under either 18 U.S.C. § 1761, or 42 U.S.C. § 1983, the Court need not reach the due process issue, and dismisses the claim for lack of a private right of action.

## III. Plaintiff Has No Private Right Of Action Under 18 U.S.C. § 1761 or 42 U.S.C. § 1983 Therefore He Cannot Maintain a Claim for Due Process Violation

Plaintiff's potential procedural due process claim is that a statutory right to his wages has been created by the requirement that, before making deduction for room and board, private prisons obtain permission from the appropriate public agency. Specifically, until the requisite permission is obtained, plaintiff argues he has a right to his wages under 18 U.S.C. § 1761. This due process argument fails, because, as shown below, plaintiff cannot state a cause of action under either section 1983 or section 1761.

Plaintiff can assert no private right of action to enforce a violation of section 1761. *See McMaster v. State of Minnesota*, 819 F. Supp. 1429, 1439 (D. Minn. 1993) , *aff'd* , 30 F.3d 976 (8th Cir. 1994) (citing *Wentworth v. Solem*, 548 F.2d 773, 775 (8th Cir. 1977)).

Similarly, plaintiff cannot successfully claim a cause of action under section 1983. *See id.* at 1440 (noting that the unavailability of a private right of action under a federal statute does not foreclose the possibility of obtaining relief for violations of the statute under section 1983).

To establish a private right of action under a federal statute, a plaintiff must establish both that he is "one of the class for whose *especial* benefit the statute was enacted" and that Congress intended to provide him a private remedy. *Id.* (citing *Cort v. Ash*, 422 U.S. 66, 78 (1975) (emphasis in original)). Section 1983 relieves plaintiffs seeking to enforce federal rights of the burden of showing that Congress intended to provide them with a private remedy. A mere violation of federal law, however, will not support a section 1983 claim. *See id.* Section 1983 can be used to enforce a federal statute only where the statute creates a federal right. Whether the statute creates such a right depends upon whether it was intended to benefit the plaintiff. *See id.* (citing *Wilder v. Virginia Hospital Ass'n,* 496 U.S. 498, 508 (1990) (internal citations omitted)).

Here, plaintiff cannot claim a right of action under section 1983, because the requirement that private prisons obtain approval from the referring agency was not enacted for plaintiff's benefit; rather, the benefit inures to society in general. *See* 64 Fed. Reg. 17,006 (April 7, 1999). Specifically, the room and board deductions are a "potential revenue source" to relieve taxpayers of costs of incarceration. *Id.* The requirement ensures that the referring public agency has notice of the possible source of revenue, and potentially prevents private prisons from collecting funds for inmates' room and board

from two sources.[2] *See also McMaster*, 819 F. Supp. at 1441 (noting that "the primary purpose of the prevailing wage provision was to benefit society in general by eliminating unfair competition, reducing the direct and indirect costs of incarceration, and enhancing rehabilitation efforts.").

## IV. There Is No Ex Post Facto Violation Because There Is No Punishment or Penalty and All Relevant Laws Were In Existence Before the Events of this Case

Plaintiff's ex post facto claim is based on the timing of the letter from the Wisconsin Department of Corrections. Specifically, plaintiff claims that granting permission to withdraw wages after they were actually deducted is a violation of the ex post facto clause of Article I, § 9 of the Federal Constitution.[3]

The ex post facto clause is triggered when a law increases punishment beyond what was prescribed when the crime was consummated. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997); *Meola v. Department of Corrections*, 732 So. 2d 1029, 1032 (Fla. 1998). The withdrawal of funds from plaintiff's paycheck, with the permission of plaintiff, does not constitute a punishment or penalty. Instead, the deductions for room and board were taken to defray prison costs. *See* 64 Fed. Reg. 17,006 (April 7, 1999).

---

[2] The Federal Register makes no mention of retroactive approval of the room and board deductions. Because there is no private right of action for plaintiffs situated as this plaintiff, this Court need not discuss the propriety of the retroactive nature of the Wisconsin Department of Corrections permission to deduct room and board payments from plaintiff's wages.

[3] The Report and Recommendation incorrectly cited to "Article I, § 10."

In addition, as the Magistrate Judge noted, the permission letter is not a law or regulation that would implicate the ex post facto clause. All relevant laws and regulations existed prior to the events involved in this case.

## V. The Effect of Plaintiff's Agreement to the Deductions for Room and Board

Plaintiff argues that his agreement to have a room and board deduction taken from his wages cannot be "voluntary" because the PCF did not have the requisite permission from the Wisconsin Department of Corrections until September 1. Plaintiff is, in part, correct; the PCF is required to obtain the requisite permission before room and board deductions are taken from an inmate. However, because section 1761 does not provide for a private right of action, only the Wisconsin Department of Corrections, and not the plaintiff, can enforce the permission requirement. Further, the Wisconsin Department of Corrections is unlikely to voice any objection about the temporary violation of section 1761, because in its September 1, 2000 letter, the Department granted retroactive permission to deduct room and board amounts from inmate's wages.[4]

## VI. Plaintiff's request for counsel

Plaintiff repeatedly requests counsel for assistance in this action, and included a request for counsel in his objections to the Magistrate Judge's Report and

[4] A more difficult question would be presented if the Wisconsin Department of Corrections had not granted this retroactive permission. This Court does not imply that, by obtaining inmate "permission" to deduct room and board payments, private prison corporations such as defendants can avoid the mandate to obtain permission from the referring agency.

Recommendation. The Magistrate Judge denied plaintiff's previous requests for appointment of counsel [Doc. # 21].

In this case, the interests of justice do not require that counsel be appointed. Plaintiff's request for assistance will be denied. This Court has the power to appoint counsel for defendant under 28 U.S.C. § 1915(e)(1), which provides that a "court may request an attorney to represent any person unable to afford counsel." However, inmates do not have a constitutional or statutory right to counsel in civil cases. *See Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). The appointment of counsel in such cases is a matter committed to the discretion of the trial court. *See Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986).

In this case, the Court has considered the relevant factors and finds that the appointment of counsel would not substantially benefit the plaintiff and the Court. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (listing factors district court should consider when determining whether to appoint counsel; including the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues, and whether both the plaintiff and the Court would benefit from representation by counsel for both parties). The plaintiff has articulated his complaint in numerous filings to this Court and the Magistrate Judge. The plaintiff has ably presented his claims and argued his legal positions, and is capable of representing himself.

## ORDER

Based upon the files, records, and proceedings, the Court **OVERRULES** plaintiff's objections [Docket No. 20] and **ADOPTS IN PART** and **MODIFIES IN PART** the Magistrate Judge's Recommendation [Docket No. 18]. The Report and Recommendation is **MODIFIED** as expressly set forth herein and is **ADOPTED** in all other respects. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss or for Summary Judgment [Docket No. 2] be **GRANTED**.

2. Plaintiff's request for counsel that is included in his objections [Docket No. 20] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 24, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

overrules plaintiff's objections and adopts in part, and modifies in part, the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

### I. Procedural History

Plaintiff, filed a complaint in Conciliation Court in Swift County, Minnesota. He alleged that defendants violated his constitutional rights by deducting money from his gross wages without permission from the Wisconsin Department of Corrections. The case was properly removed to the United States District Court for the District of Minnesota, where defendants brought their motion to dismiss or for summary judgment. The Magistrate Judge recommended that the defendants' motion to dismiss or for summary judgment be granted.

### II. Factual History

The Prairie Correctional Facility ("PCF") is a private prison owned and operated by Corrections Corporation of America, Inc. ("CCA"). The PCF participates in the Prison Industry Enhancement Certification Program ("PIECP"), pursuant to 18 U.S.C. § 1761. The PIECP allows prisons to "address inmate idleness and to provide inmates with work experience and training in marketable job skills." 64 Fed. Reg. 17,003 (April 7, 1999). The statute mandates that inmates receive fair wages, but allows significant deductions for things such as taxes, room and board, and allocations for family support. The deductions cannot, in the aggregate, exceed eighty percent of the inmate's gross wages. 18 U.S.C. § 1761(c)(2).

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.